**FILED**
DEC 21 2009
[signature] CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID M. DELORIA, | ) | CIV. 09-4162-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| SOUTH DAKOTA DEPARTMENT | ) | |
| OF CORRECTIONS; DOUGLAS | ) | |
| WEBER, Warden; INMATE LEGAL | ) | |
| AIDE OFFICE; and CONTRACT | ) | |
| HEALTH AND PSYCHOLOGICAL | ) | |
| SERVICES OFFICES, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights.

A. **Screening**

The Court is required to screen this matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), a case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. A case must be dismissed for failure to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed.

2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true." Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832. To state a claim under 42 U.S.C. § 1983, plaintiff must allege that his constitutional rights have been violated by one acting under the color of state law.

1. **Access to Courts**

First, plaintiff alleges that he has been denied access to the Court and to the law library. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish that the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted). Plaintiff has not alleged that he has a claim that he has been unable to litigate. Rather, plaintiff makes conclusory allegations which are unsupported by facts. As a result, the Court finds that plaintiff has failed to state a claim upon which relief may be granted.

2. **Medical Needs**

Plaintiff also alleges violations of his constitutional rights with regard to his medical needs. First, plaintiff alleges that he was "made to work on a bad ankle which

caused more injury and pain and suffering and having to pay a 5.00 co-pay . . . ." He further alleges that he did not receive reimbursement for the co-pay in violation of treaties between the United States and Native Americans which require free health care for Native Americans. For plaintiff to succeed on his allegation that defendants were deliberately indifferent to his serious medical needs, he must show that defendants actually knew of an objective, serious medical need and deliberately disregarded that need. See McRaven v. Sanders, 577 F.3d 974, 979-980 (8th Cir. 2009). Plaintiff has not alleged that defendants were aware of his bad ankle, nor has he provided any verifiable medical evidence supporting his claim. As a result, plaintiff has not set forth a claim upon which relief may be granted.

Second, with regard to plaintiff's co-pay, the Court finds that this claim is also not one upon which plaintiff may receive relief. While the Eighth Amendment requires the provision of medical care, it does not require that the medical care is free. Plaintiff states that he is Native American and that his healthcare is free under treaty with the United States. Title 25 of the United States Code, section 1621u, however, provides that only "[a] patient who receives contract health care services that are authorized by the Service shall not be liable for the payment of any charges or costs associated with the provision of such services." Plaintiff has not alleged that the services which were rendered to him were authorized by the Indian Health Service. As a result, under federal law, plaintiff is liable for the costs of such services. Accordingly, this claim must also fail.

Additionally, plaintiff alleges that "Contract Health abuses mentally ill inmates and denies those with mental illness access to sound psychological . . . treatment and medication . . . ." Complaint, Docket #1. Petitioner also alleges that his right to be free from cruel and unusual punishment under the Eighth Amendment has been violated by "not allowing inmates sunlight or vitamins or H1N1 innoculations or medical treatment for eyes or heart or lungs or cancer or GI track . . . ." Complaint, Docket #1. Plaintiff does not allege, however, that these violations have been against his person, rather his claims refer to "inmates." The United States Supreme Court has held that "[i]t is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm. . . ." Lewis v. Casey, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996). As plaintiff has not alleged that these violations have happened to him personally, he does not have the requisite standing to bring these claims and has, therefore, failed to state claims upon which relief may be granted.

Plaintiff also alleges that prison officials "took [his] Xanac's away[.]" To state a claim of a violation of plaintiff's rights, plaintiff must show "'(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)). Plaintiff has not alleged that he suffers from an objectively serious medical need, nor

does he allege that defendants knew of this medical need and ignored it. As a result, the Court finds that plaintiff has not stated a claim upon which relief may be granted.

### 3. Remaining Claims

With regard to plaintiff's claim that defendants violated the Americans with Disabilities Act, plaintiff does not provide any facts to support this conclusory allegation. As a result, the Court is unable to discern the basis for plaintiff's claim. Accordingly, as the complaint is insufficient, it shall be dismissed without prejudice.

Finally, plaintiff alleges that the nurses do not have federal medication licenses to distribute medications. The Court finds that this claim is not viable under § 1983. Without addressing the requirements for dispensing medication, the Court concludes that plaintiff has not alleged a violation of his constitutional rights. As a result, this claim shall be dismissed.

### B.   *In Forma Pauperis* Status

Plaintiff also seeks the Court to allow him to proceed *in forma pauperis*. Plaintiff has filed a prisoner trust account report with his affidavit in support of his motion. The report reflects that plaintiff's average monthly deposits equal $88.44 and his average monthly balance equals $27.21. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. See 28 U.S.C.

5

§ 1915(b)(1). Plaintiff, therefore, must pay an initial partial filing fee of $17.69 (20 percent of $88.44). Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #3) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial fee payment for docketing and filing fees in the amount of $17.69 to the Clerk of this Court on or before January 4, 2010.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee ($350) is paid in full.

Dated this 18 day of December, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE